**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **SHIRA KOHN,** on behalf of herself and all others similarly situated, | § § § | **Judge Lee H. Rosenthal** |
| *versus* | § § § | Civil Action. 4:23-cv-03035 |
| **LOREN D. STARK COMPANY, INC.** | § § § | |

| | | |
|---|---|---|
| **ANDRES VIVAS,** on behalf of himself and all others similarly situated, | § § § | **Judge Alfred H. Bennett** |
| versus | § § | Civil Action. 4:23-cv-03643 |
| **LOREN D. STARK COMPANY, INC.** | § § § | |

## PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE ACTIONS AND SET SCHEDULING DEADLINES

Pursuant to Federal Rules of Civil Procedure 42(a), Plaintiffs in the two related cases with common questions of fact and law respectfully move this Court to consolidate the cases. The related cases are *Kohn v. Loren D. Stark Company, Inc.*, No. 23-cv-03035 ("*Kohn*"), filed August 18, 2023, and *Vivas v. Loren D. Stark Company, Inc.,* No. 23-cv-03643 ("*Vivas*"), filed September 28, 2023 (collectively, the "Related Actions") (Plaintiffs Kohn and Vivas are referred to herein as the "Coordinated Plaintiffs"). Coordinated Plaintiffs collectively request that the Court consolidate the Related Actions into the first filed action, *Kohn*, as well as any subsequently filed or transferred related actions, for all purposes pursuant to Rule 42(a) before Judge Lee H. Rosenthal. Notably, Coordinated Plaintiffs communicated with counsel for Defendant Loren D. Stark Company, Inc.

1

("Defendant" or "LDSC") and represents that Defendant does not oppose consolidation of the Related Actions into the *Kohn* case.

The Related Actions bring common claims arising from the same data breach against the same Defendant—LDSC. *Kohn* is pending before the Honorable Judge Rosenthal, while *Vivas* is pending before the Honorable Judge Bennett. Plaintiffs in the Related Actions both allege that LDSC's inadequate data security allowed a foreseeable and preventable data breach to occur, which compromised the personally identifiable information ("PII") of Plaintiffs and putative class members (the "Data Breach"). Coordinated Plaintiffs seek similar damages and equitable relief arising out of the alleged Data Breach.

Plaintiffs collectively agree that consolidation is appropriate under Federal Rule of Civil Procedure 42(a) because the Related Actions involve common questions of law or fact insofar as they all name LDSC, arise from the same events, and assert overlapping claims and putative classes.[1]  Coordinated Plaintiffs further agree that consolidation will avoid unnecessary delay, reduce the risk of inconsistent or duplicative rulings, and mitigate litigation cost. Furthermore, Coordinated Plaintiffs with Defendant's approval submit a schedule for Plaintiffs to file a consolidated complaint, for briefing a motion to dismiss the consolidated complaint, and for the appointment of Interim Co-Lead Class Counsel under Fed. R. Civ. P. 23(g)(3).  Accordingly, Coordinated Plaintiffs filed this motion and memorandum in support.

---

[1] Coordinated Plaintiffs and Defendant, through this Motion, agree to consolidation. Coordinated Plaintiffs are represented by experienced data breach class action attorneys. Counsel's experience is shown through coordinating with all Plaintiffs and Defendant to make this proceeding more efficient.

## FACTUAL BACKGROUND[2]

Defendant LDSC is a third-party administrator for employee insurance plans that gathers and stores highly sensitive personal identifiable information ("PII") as a component of its routine business practices. The Related Actions each arise out of a recent cyber-attack where a criminal actor successfully targeted the types of data on Defendant' system and successfully gained access to Defendant's computer systems that inadequately stored Plaintiffs' sensitive data. *Kohn*, Doc. 1, ¶ 35. The cyber-attack and subsequent Data Breach resulted in the compromise of highly sensitive PII belonging to at least 51,659 consumers. *Id*. at ¶ 4. The confidential Private Information includes, at least, Plaintiffs' and Class Members' full names and Social Security numbers. *Id*. at ¶ 1. Plaintiffs have all alleged that the criminals were able to gain access as a result of Defendants' failure to implement and follow adequate security procedures.

On August 18, 2023, Plaintiff Kohn was first to file her complaint against LDSC alleging various causes of action arising from the Data Breach. *Id.*, Doc. 1. On September 28, 2023, Plaintiff Vivas filed a second class action complaint against LDSC, arising from the same Data Breach with similar allegation and causes of action as the *Kohn* suit. *Vivas*, Doc. 1. Through their respective class actions, Plaintiffs allege a combination of the following causes of action against Defendant: negligence; negligence *per se*; breach of implied contract; unjust enrichment; breach of third-Party Beneficiary Contract; Breach of Fiduciary Duty; and Violation of New York's General Business Law 349. To the extent the Court permits consolidation, Coordinated Plaintiffs will work together to submit one consolidated class action complaint on behalf of both Plaintiffs and the putative Class, that encompasses all plaintiffs and all claims in the Related Actions to date.

---

[2] While Defendant does not oppose the relief sought in this motion and consolidation of the Related Actions, Defendant makes no admission as to any of the facts alleged in the Complaints or set forth in this motion and reserves any and all rights and defenses which may be available to it.

Following the filing of these cases, Coordinated Plaintiffs and Defendant discussed the benefits of consolidation and coordination of their respective actions, prompting Coordinated Plaintiffs to file this motion.

## ARGUMENT

By this Motion, Coordinated Plaintiffs request that the Related Actions—which involve materially similar allegations against Defendant and seek to certify materially similar classes—be consolidated.

### I.    CONSOLIDATION OF THE ACTIONS IS APPROPPRIATE

#### A. Legal Standard Regarding Consolidation

The power to consolidate related actions falls within the broad inherent authority of every federal court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936). Consolidation of actions in federal court is governed by Rule 42 of the Federal Rules of Civil Procedure, which provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Rule 42(a); *see also A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp.*, 559 F.2d 928, 933 (4th Cir. 1977) ("District courts have broad discretion under [Rule] 42(a) to consolidate causes pending in the same district."); *see also In re CaptureRx Data Breach Litig.*, No. 5:21-cv-00523-OLG, Doc. No. 13, at 1 (W.D. Tex. July 8, 2021) (consolidating actions in data breach class action "to ensure consistent and efficient adjudications in this Court….").

### B.  The Related Actions Make Common Legal and Factual Allegations

Here, consolidation of the Related Actions is warranted, as the actions require proof of the same basic set of facts to support the causes of action. Specifically, each of the Related Actions focuses on whether LDSC is liable to consumers for its failure to protect Coordinated Plaintiffs' and putative class members' PII that it owed a duty to protect. Since the Related Actions pending before this Court present many of the same factual and legal questions, involve the same Defendant, and will involve the same discovery, consolidation is appropriate to avoid duplicative litigation tracks. *See League of United Latin American Citizens v. Abbott*, No. EP-21-CV-00259-DCG, 2021 WL 5417402, at *2 (W.D. Tex. Nov. 21, 2021) ("The Court finds that all of the above-referenced cases are before the same court (the Western District of Texas); that the cases share common defendants; that the cases share common questions of law and fact; that consolidation will conserve judicial resources and best serve the interests of all parties and witnesses; and that the cases are at similar stage of litigation.").

### C.  The Related Actions Should be Consolidated to Reduce Costs and Delay

Here, the Related Actions involve nearly identical factual allegations against the same Defendant and regarding the same Data Breach. Indeed, if not consolidated, the separate Related Actions would result in virtually identical discovery requests and duplicative motion practices and cause an unnecessary drain on party and judicial resources. This is true despite minor variations in class definitions in the Related Actions. As explained in *Kaplan v. 21st Century Oncology Holdings, Inc.*, where the court granted a motion to consolidate various class complaints in a data breach case:

> Applying the relevant factors from *Hendrix*, the Undersigned first finds that there is a substantial threat of inconsistent adjudications of common factual and legal issues if the cases are allowed to proceed separately. As stated above, all of the cases are pled as class actions and all of the cases allege a negligence claim. The

majority of the cases share other substantive claims as well. For instance, twelve of the thirteen cases allege unjust enrichment claims. Eleven of the thirteen cases allege Florida Deceptive and Unfair Trade Practices Act claims. Additionally, most of the cases allege negligence per se claims.

To be sure, the complaints in some of the cases assert claims that are not raised in the other related cases. Moreover, the putative class definitions vary among the related cases. Consolidation does, therefore, carry with it some risk of prejudice and also the possibility of confusion based upon these variations. The Undersigned finds, nevertheless, that the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues. Moreover, the nuances in claims and putative class definitions can likely be addressed in the consolidated amended complaint through the use of putative subclasses once the request to appoint interim class counsel has been addressed.

Second, the Undersigned finds that the burden on parties, witnesses, and available judicial resources will be substantially lessened by consolidation. *Id*. On this point, the Court notes that all of the named Defendants in the thirteen related case are represented by the same counsel of record and none of the Defendants have objected to consolidation for pretrial purposes. Further, no named Plaintiffs in any of the cases have objected to consolidation for pretrial purposes. Moreover, the Undersigned finds that judicial resources will be substantially conserved by administering one consolidated case for pretrial purposes rather than proceeding with thirteen separate cases.

Third, the length of time required to conclude a consolidated lawsuit instead of multiple suits is likely to be significantly lessened and, therefore, weighs in favor of consolidation.

Finally, the relative expense to all parties concerned—particularly with regard to discovery—is highly likely to be lessened by litigating in one consolidated case rather than litigating in thirteen separate cases.

Accordingly, consolidation of these cases not only serves to satisfy the standards set forth in Fed. R. Civ. P. 42(a), Local Rule 1.04(c), and *Hendrix*, but also to "secure the just, speedy, and inexpensive determination" of these proceedings.

*Kaplan v. 21st Century Oncology Holdings, Inc.*, No. 2:16-cv-210, 2016 WL 9383330, at *2-3

(M.D. Fla. July 21, 2016), report and recommendation adopted, No. 2:16-cv-210, 2016 WL

4204781 (M.D. Fla. Aug. 10, 2016).

    Here, each case is in its infancy, and as discussed above involves substantially identical

factual allegations and causes of action. Consolidation and reassignment before this Court will

streamline two similar actions, promoting judicial economy, avoiding inconsistent rulings, and create efficiency in the discovery process. Alternatively, allowing these cases to proceed individually and before multiple Courts would strain party and judicial resources. Moreover, consolidation imposes no prejudice on Defendant as it will benefit from the gained efficiencies.

### D. Future-Filed Related Cases Should be Consolidated

In addition, to ensure continued judicial efficiency, Coordinated Plaintiffs also respectfully request that the Court order any future filed actions arising from the same or similar facts and circumstances be transferred to this Court and consolidated with the Consolidated Action. *See, e.g.*, *In re Life Partners Holdings, Inc.*, No. DR-11-CV-43-AM, 2012 WL 12875942, at *1 (W.D. Tex. May 9, 2012) ("future cases 'arising out of the same or substantially the same transactions or events as the above captioned cases' shall be united into the consolidated case.").

In line with the current consolidation, Defendant will suffer no prejudice from the consolidation of any related future filed actions, as it will not be faced with the possibility of relitigating issues that had been litigated in this Court. Consolidation of the Related Actions would therefore inure to the benefit of all parties involved.

### E. Proposed Scheduling Order for Efficiently Proceeding

Coordinated Plaintiffs, with Defendant's approval, submit the following proposed schedule for efficiently proceeding:

1. Coordinated Plaintiffs consolidated class action complaint shall be filed within 30 days after appointment of interim counsel;

2. Defendant shall file a responsive pleading to the consolidated class action complaint within 60 days of the filing of the consolidated class action complaint, Plaintiffs have 30 days to file a response to any motion to dismiss, and Defendant has 30 days to file

its reply in support of any motion to dismiss the consolidated class action complaint; and,

3. All applications for interim class counsel under Fed. R. Civ. P. 23(g)(3) shall be filed within 14 days of the date of the order granting consolidation of the Related Actions

4. An in-person hearing on any competing applications for interim class counsel under Fed. R. Civ. P. 23(g)(3) shall be conducted after the applications are filed and shall be scheduled at the Court's convenience.

## CONCLUSION

For all of the foregoing reasons, Coordinated Plaintiffs respectfully request that the Related Actions be consolidated for all purposes under the *Kohn* case, No. 4:23-cv-03035 and that the Court enter the proposed schedule for efficiently proceeding over the next few months in this case. A Proposed Order for the Court's consideration has been filed herewith.

Dated: October 20, 2023                               Respectfully submitted,

*Counsel for Plaintiff Shira Kohn*          *Counsel for Plaintiff Andres Vivas*

/s/ *Joe Kendall*                                        /s/ *Joe Kendall*
JOE KENDALL                                        JOE KENDALL
Texas Bar No. 11260700                         Texas Bar No. 11260700
SDTX Bar No. 30973                              SDTX Bar No. 30973
**KENDALL LAW GROUP, PLLC**          **KENDALL LAW GROUP, PLLC**
3811 Turtle Creek Blvd., Suite 1450          3811 Turtle Creek Blvd., Suite 1450
Dallas, Texas 75219                               Dallas, Texas 75219
214-744-3000 / 214-744-3015 (Facsimile)   214-744-3000 / 214-744-3015 (Facsimile)
jkendall@kendalllawgroup.com                 jkendall@kendalllawgroup.com

Terence R. Coates (admitted *Pro Hac Vice*)   Gary M. Klinger*
Justin C. Walker (admitted *Pro Hac Vice*)     Milberg Coleman Bryson
**Markovits, Stock & DeMarco, LLC**           Phillips Grossman LLC
119 East Court Street, Suite 530                227 W. Monroe Street, Suite 2100
Cincinnati, OH 45202                             Chicago, IL 60606
Phone: (513) 651-3700                           Phone: (866) 252-0878

Fax: (513) 665-0219
tcoates@msdlegal.com
jwalker@msdlegal.com

glkinger@milberg.com

John J. Nelson (SBN 317598)*
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
402 W. Broadway, Suite 1760
San Diego, CA 92101
Telephone: (858) 209-6941
Email: jnelson@milberg.com

*\*Pro Hac Vice Application Forthcoming*

## CERTIFICATE OF CONFERENCE

I discussed this Motion with Gary M. Klinger and Joe Kendall, counsel for Plaintiff in the *Vivas* case and emailed with John T. Mills, counsel for Defendant, on October 10, 2023, and emailed with John T. Mills regarding Defendant's agreement with this Motion on October 17, 2023. I then followed up with Messrs. Klinger, Kendall, and Mills via email on October 19, 2023 regarding the contents of this Motion. Defendant is unopposed to the relief requested herein.

*/s/ Terence R. Coates*
Terence R. Coates

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2023, I caused a true and correct copy of the foregoing motion to be filed with the Clerk of the Court for the Southern District of Texas via the Court's CM/ECF system, which will send notification of such filing to the counsel of record in the above-captioned matters.

*/s/ Joe Kendall*
Joe Kendall